Dykman, J.
The defendant Bischoff was prosecuted in the court of special sessions, in the city of Brooklyn, for a violation of the act to prevent the adulteration of food and drugs, passed May 28, 1881. The defendant Allen was also prosecuted in the same court upon a similar complaint, but he consented to abide by the evidence adduced against Bischoff.
_ The law of 1881 was amended in 1885, when it was considerably broadened in its scope, and again in 1886 slightly, but the amendments are not material to this case.
The charge against both these defendants was for exposing for sale and selling canned peas containing copper, but there was no allegation or charge in either complaint that the peas contained any added poisonous ingredient or any ingredient which might render them injurious to the health of a person who consumed them, nor that the copper they contained was poisonous.
When the defendant Bischoff was placed upon his trial his counsel moved for his discharge because the complaint failed to state that the goods sold by the defendant contained any added poisonous ingredient which rendered the article injurious to the health of the person consuming the same. The motion was denied and there was an exception.
Under the order of the court, the counsel for the proseen tian then elected to try the defendant under the first charge in the complaint, which charged a violation of the statute as already recited.
The trial then proceeded upon the same theory as the •complaint. The prosecution proved a sale by the defendant of a can of peas containing copper, and upon that testimony the defendant was convicted. There was a motion to dis *582 miss because no offense had been established, which was denied, and the defendant excepted.
In its application to this case the statute in question is substantially this: No person within this state shall sell any article of food which is adulterated, and an article of food shall be deemed to be adulterated, within the meaning of. this law, if it coritain any added poisonous ingredient,, or any ingredient which may render such article injurious to the health of a person consuming it.
It is, therefore, no offense against this statute to sell canned peas unless they contain poison, and that essential element of the crime is omitted from the complaint and the proof.
The only issue upon the trial was whether the defendant sold canned peas containing copper, and the prosecution claimed the conviction of the defendant upon that proof alone ; but we cannot yield assent to that contention.
The peas sold by the defendant were not adulterated, within the meaning of the law, unless they contained poison, and that was not even charged. Neither can we assume without proof that the copper contained in the peas sold was poison, in the face of the proof introduced upon the trial by the prosecution, of the certificate of the state board of health .permitting the sale of canned peas in the preparation of which copper has been used.
What the state board of health has done, under its authority, to relax the rigor of this law is quite unimportant, for .the prosecution elected to try the defendant under that portion of the complaint which charged a violation of the statute only.
Neither is there any question in this case respecting labels. By section seven of the law, its provisions do not apply to ordinary articles of food, provided the same are not-injurious to health, and the articles are distinctly labeled as a mixture, stating the components of such mixture.
The simple effect, therefore, of the absence of a label was-to place the sale under the provisions of the act, and subject thereto. Selling without a label is not made an offense, and neither the presence nor absence of a label form any constituent element of the crime.
The conviction should be reversed and the defendant discharged.